UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY CRICKON,

        Petitioner,

        v.

CHARLES DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.
_____

Civil No. 07-1180-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

On August 9, 2007, petitioner filed a petition for a writ of habeas corpus [1] pursuant to 28 U.S.C. § 2241. He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4). Petitioner is a federal prisoner incarcerated by the Bureau of Prisons (BOP) at the Federal Prison Camp in Sheridan, Oregon (FPC-Sheridan).

1 - OPINION AND ORDER

Petitioner alleges that the BOP wrongfully declared him ineligible for a discretionary sentence reduction upon completion of the BOP's Drug and Alcohol Treatment Program (DAP). In its Response to Habeas Petition [6], which this court construes as a motion for dismissal, respondent argues that the petition should be denied on grounds that petitioner was properly found ineligible for any sentence reduction.

## BACKGROUND

Petitioner was convicted in the Northern District of Illinois in July, 2000, for Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846. Petitioner received a total guideline sentence of 151 months.

Congress has directed the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to seek treatment, sentence reductions are available to some prisoners who completed the substance abuse treatment programs. 18 § 3621(e)(2)(B). Congress mandated that only nonviolent offenders are eligible for a sentence reduction, and that the sentence reduction may not exceed one year. *Id*.

There is no dispute that petitioner has been found eligible to participate in DAP and is likely to have the opportunity to complete at least the first phase of DAP, a 500-hour residential treatment program before his projected good-time release date of February 9, 2010. However, the BOP's determination that petitioner is ineligible for a sentence reduction is proper.

To implement § 3621, the BOP promulgated regulation 28 C.F.R. § 550.58 and Program Statement 5162.04, which set forth the eligibility for the early-release incentive. Section 550.58 provides in relevant part:

>(a) Additional early release criteria.
>
>(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
>* * *
>
>>(iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;

Similarly, Section 6.1.1 of Program Statement 5330.10, entitled "EARLY RELEASE QUALIFICATIONS," denies eligibility for early release to those inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses. Section 6.1.1(a)(1)(iv); *see also Sisneros v. Anderson*, 2007 WL 3512647, at *1 (D. Minn. November 14, 2007) (quoting BOP Program Statement 5330.10).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). The BOP enjoys "broad discretion to deny sentence reductions," even to inmates who successfully complete the first stages of DAP. *Rublee v. Fleming*, 160 F.3d 213, 216 (5th Cir. 1998). While the BOP is vested with broad discretionary authority under 18 U.S.C. § 3621(e) to reduce the sentence of a prisoner convicted of a nonviolent offense, that section does not create a due process liberty interest in the sentence reduction. *See Jacks v. Crabtree*, 114 F.3d 983, 986 n.4 (9th Cir. 1997) (denial of sentence reduction merely means that the inmate will have to serve out his or her sentence as expected).

3 - OPINION AND ORDER

However, prisoners are entitled to judicial review of whether the BOP's regulations or their applications were arbitrary and capricious or otherwise an abuse of discretion . *See Rublee*, 160 F.3d at 215-16; *see also Lopez v. Davis*, 531 U.S. 230, 240 (2001).

Therefore, in cases in which the BOP has made a determination about a prisoner's entitlement to a DAP sentence reduction, the court "must uphold the BOP's action unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Joseph v. Boldt*, 2007 WL 1101257, at *3 (D. Or., April 11, 2007) (quoting 5 U.S.C. § 706(2)(a) and citing *Pac. Coast Fed'n of Fishermen's Ass'ns. v. U.S. Bureau of Reclamation*, 426 F.3d 1082, 1090 (9th Cir. 2005)).  The BOP need only articulate a rational connection between the facts found and the conclusions reached, and its internal agency guidelines are entitled to some deference.  *Id.*

Petitioner was found ineligible for a sentence reduction that is otherwise authorized by 18 U.S.C. § 3621(e)(B)(2) because he has a prior conviction for Voluntary Manslaughter.  Resp. at 3.  There is no meaningful dispute presented challenging whether this conviction is a violent offense that, under applicable Program Statements, excludes petitioner from entitlement to a sentence reduction under DAP.

As noted above, there is no constitutionally protected right of a convicted person to early release under § 3621(e).  A petitioner who has been denied a sentence reduction pursuant to § 3621 is not entitled to habeas relief unless the petitioner's crime was improperly categorized, or the BOP's regulations implementing § 3621's requirements are applied retroactively to a petitioner who entered a drug treatment program in reliance on the prior regulations.  *See, e.g. Dowling v. Crabtree*, 58 F. Supp. 2d 1172, 1173 (D. Or. 1999).

4 - OPINION AND ORDER

>As a federal court eloquently stated in the context of a similar case, even if Petitioner had been "eligible" for early release notwithstanding his prior convictions for robbery and his current conviction for being a felon in possession of a firearm, "eligibility is not entitlement." *LaSorsa v. Spears*, 2 F. Supp.2d 550, 554 (S.D.N.Y. 1998), quoting *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997).

*Walton v. Booker*, 2006 WL 2374843, at *3 (D. Ariz. August 16, 2006).

The request by petitioner for this court to implement a "staleness" or "statute of limitations" component to the BOP's consideration of pre-conviction conduct when determining sentence reduction eligibility is rejected. Although petitioner's conviction for voluntary manslaughter occurred almost thirty-eight years ago, the BOP's determination that petitioner is disqualified from the early release incentive available under 18 U.S.C. § 3621(e)(b)(2) because of this conduct was neither arbitrary nor capricious. *See Sisneros*, 2007 WL 3512647, at *1 (quoting BOP Program Statement 5330.10).

## **CONCLUSION**

This court concludes that the BOP properly determined that petitioner was ineligible for a discretionary sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Petitioner's petition for a writ of habeas corpus [1] is DENIED; the Response to Habeas Petition [6], which this court construes as a motion for dismissal, is GRANTED.

IT IS SO ORDERED.

DATED this __18__ day of December, 2007.

                                         /s/ Ancer L. Haggerty
                                         Ancer L. Haggerty
                                         United States District Judge